**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MYRON GLENN, JR.,

        Petitioner,

v.                                                                     Case No. 07-15477
                                                                       Hon. Lawrence P. Zatkoff

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,**
**(2) DENYING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME, AND**
**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,**
**BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is pending before the Court on (1) Petitioner's habeas corpus petition under 28 U.S.C. § 2254; (2) Respondent's motion for summary judgment; and (3) Petitioner's motion for an enlargement of time to file a reply to Respondent's motion. The Court agrees with Respondent that Petitioner's claims are barred from substantive review by the one-year statute of limitations. Therefore, Respondent's motion will be granted, and the habeas petition will be dismissed. Petitioner's motion for an enlargement of time is denied as moot, because he has already filed a reply to Respondent's motion.

**I. Background**

On June 24, 1997, a circuit court jury in Wayne County, Michigan, found Petitioner guilty of assault with intent to commit murder under Mich. Comp. Laws § 750.83. The conviction arose from the vicious stabbing of a taxi cab driver in Taylor, Michigan, on June 13, 1995. The victim identified Petitioner at a line-up held about fifteen months after the crime.

The trial court sentenced Petitioner as a habitual offender to life imprisonment. The

Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished *per curiam* opinion. *See People v. Glenn*, No. 206959 (Mich. Ct. App. June 6, 2000). On November 29, 2000, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Glenn*, 619 N.W.2d 546 (2000) (table).

On October 16, 2001, Petitioner filed a motion for relief from judgment. The trial court denied the motion on August 31, 2004, and the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Glenn*, No. 264794 (Mich. Ct. App. Mar. 23, 2006). On December 28, 2006, the Michigan Supreme Court likewise denied leave to appeal. *See People v. Glenn*, 725 N.W.2d 47 (2006) (table).

Petitioner filed the pending habeas corpus petition on December 27, 2007. His grounds for relief read:

> I. A series of acts and omissions by Mr. Glenn's trial counsel, including failure to investigate and present a key witness, and failure of trial and appellate counsel to obtain and present crucial school records which suggest Mr. Glenn could not have committed the crime, violated Mr. Glenn's State and Federal Constitutional right to the effective assistance of trial and appellate counsel.
>
> II. The school records just located establish Mr. Glenn's innocence and require the grant of a new trial under newly discovered evidence standards; the denial of relief would violate Mr. Glenn's State and Federal Due Process right to a fair trial and right to trial by jury (US Const.; am's 5 & 6; Mich. Const. 1963, art 1, §'s 17 & 20).

As noted, Respondent maintains that the habeas petition is untimely. Petitioner urges the Court to equitably toll the limitations period on the ground that he is innocent of the crime for which he was convicted and sentenced.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final, pursuant to § 2244(d)(1)(A), on February 27, 2001, when the ninety-day deadline expired for seeking direct review in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13.1. The statute of limitations began to run on the following day, but it stopped running seven and a half months later on October 16, 2001, when Petitioner filed his motion for relief from judgment. *Ege v. Yukins*, 485 F.3d 364, 371-72 (2007) (quoting 28 U.S.C. § 2244(d)(2)). The limitations period was tolled the entire time that Petitioner's motion was under review in state court, *Carey v. Saffold*, 536 U.S. 214, 220 (2002), that is, until December 28, 2006, when the Michigan Supreme Court denied leave to appeal. The limitations period then resumed running. It stopped running when Petitioner filed his habeas corpus petition 364 days later.

The limitations period ran approximately nineteen and a half months; well in excess of the 1-year limitation. It ran seven and a half months before Petitioner filed his motion for relief from judgment and almost twelve months after the state courts concluded their review of his motion, but before he filed his habeas petition.

**B. Equitable Tolling**

Petitioner urges the Court to equitably toll the limitations period on the basis of actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). However, to prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial). Petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *House v. Bell*, 547 U.S. 518, 538 (2006). Petitioner relies in part on a licensed polygraph examiner's opinion that Petitioner told the truth when he denied assaulting a taxi cab driver on June 13, 1995. The polygraph evidence does not state a credible claim of actual innocence, because no consensus exists as to whether polygraph evidence is reliable evidence. *United States v. Scheffer*, 523 U.S. 303, 309-12 (1998).

Petitioner's other basis for claiming actual innocence is an alibi defense. He claims that he was attending classes in Detroit at the time of the crime. This defense is not new evidence. Petitioner's mother testified at trial that, during the period of time when the crime was committed,

4

Petitioner was attending classes at Eight Mile and Greenfield from 5:00 p.m. until 10:00 or 10:30 p.m. on week nights. She did not recall Petitioner's whereabouts on the night of the crime, however, and the jury obviously chose not to believe that Petitioner was in school when the crime was committed. The fact-finder's determination is entitled to deference. *Lambert v. Blackwell*, 387 F.3d 210, 268 (3d Cir. 2004).

Petitioner himself claimed to be uncertain about his whereabouts on the night of the crime. He informed his attorney before trial that it was possible he was in school on the night of the crime. After trial, he still was not 100% sure that he attended school that night. Petitioner now claims to have records demonstrating that he did attend school on the night of the crime.

The trial court determined that Petitioner's school records did not raise a significant possibility of actual innocence because: (1) Petitioner did not testify at trial, and only his mother raised the issue of Petitioner's attendance at school; (2) the records lacked proof of authenticity, for there was no affidavit from Petitioner, a classmate, or the instructor stating that Petitioner was present in class on the day in question and that he personally "punched out;" (3) even if the records were authentic, Petitioner could have been at the crime scene by 10:39 p.m., the approximate time of the crime, because the records indicate that Petitioner attended class in Detroit until 9:44 p.m.; (4) Petitioner's familiarity with the neighborhood of the crime supported the State's version of the time frame; and (5) defense counsel focused on the identification testimony at trial instead of the school-evidence issue. The trial court's factual findings that Petitioner could have committed the crime even if he was in school until 9:44 p.m. on the night of the crime is entitled to deference and a presumption of correctness because Petitioner has not submitted clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The fact

that the records lacked proof of authenticity also indicates that they are not reliable.

The Court therefore concludes that a reasonable juror would not have had reasonable doubt about Petitioner's guilt or innocence even if the school records had been produced at trial. Petitioner has not stated a credible claim of actual innocence.

**III. Conclusion**

Petitioner's claims are barred from substantive review by the one-year statute of limitations, and this is not an appropriate case for equitable tolling. Accordingly, Respondent's motion for summary judgment [Dkt 7, July 24, 2008] is **GRANTED**, and the habeas petition [Dkt.1, Dec. 27, 2007] is **DISMISSED** as time-barred. Petitioner's motion for an enlargement of time to file a reply to Respondent's motion [Dkt. 8, Aug. 19, 2008] is **DENIED** as moot.

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may appeal this decision *in forma pauperis* because an appeal would be taken in good faith and is not frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: December 10, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 10, 2008.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290